IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABRAHIM OTHMAN ABRAHIM EDRIES, *et al.*,<br><br>    Petitioners,<br><br>v.<br><br>GEORGE W. BUSH,<br>    President of the United States, *et al.*,<br><br>    Respondents. | Civil Action No. 05-CV-1725 (RWR) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTION FOR THE IMMEDIATE ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243 OR, ALTERNATIVELY, FOR AN ORDER TO SHOW CAUSE**

Respondents hereby oppose petitioners' motion for the immediate issuance of a writ of habeas corpus or order to show cause.

The relief requested by petitioners should not be granted pending the resolution of respondents' challenge to petitioners' standing to pursue this litigation. See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing, or, in the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 3). As demonstrated in respondents' motion, petitioners have not have established that they possess proper "next friend" standing under the two-pronged standard articulated by the Supreme Court in Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). See id. at 5-13. Absent proper standing to sue, this case should be dismissed for lack of jurisdiction. Thus, given that the legitimacy of this lawsuit remains in question, the Court should deny petitioners' request.

Even if the Court finds that proper standing has been established in this case, however, petitioner Edries previously filed a pro se petition for writ of habeas corpus in Idris v. Bush, No. 05-CV-1555 (JR). See Respondents' Notice of Multiple Petitions Filed by Guantanamo Bay Detainee (dkt. no. 2). Accordingly, the above-captioned petition, which is the later-filed case pending on behalf of this detainee, should be dismissed, and any issues regarding the relief requested herein should be decided in Idris v. Bush, the first-filed case.

If the Court determines that petitioners have established proper standing to sue and that this case should remain pending notwithstanding another, earlier-filed petition pending on behalf of petitioner Edries, this case nonetheless should be stayed, and an order to show cause pursuant to 28 U.S.C. § 2243 should not be required, pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005). See Respondents' Motion for Order to Show Cause Why Case Should Not Be Dismissed for Lack of Proper "Next Friend" Standing, or, in the Alternative, to Stay Proceedings Pending Related Appeals (dkt. no. 3) at 14-21. The pending appeals will address the core issues in this case and, thus, determine how this case should proceed, if at all. Further proceedings, including the submission of a factual return[1] in response to an order to show cause, would require the expenditure of significant judicial and

---

[1] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the Combatant Status Review Tribunal that confirmed petitioner's status as an enemy combatant properly subject to detention. The factual return is separate from briefing on legal issues in the cases. Factual returns include both classified and unclassified material.

other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases. Even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioners. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 8, 2004), ¶ 30. Thus, there is no reason why counsel need access to a factual return at this time.[2]

Moreover, the submission of factual returns which, in any event, may ultimately be unnecessary, burdens the government's resources and risks the inadvertent disclosure of classified information. Each factual return must be obtained from the Department of Defense, and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Each return can range from dozens to hundreds of pages, depending upon the circumstances. Thus, respondents face an immense logistical burden to process and file the returns, especially on the short, simultaneous schedules being requested by petitioners in the various cases. Further, submission of these returns vastly expands access to classified information contained in the returns, thereby

---

[2] In this vein, various Judges of this Court have declined to require factual returns during the pendency of the stay. See, e.g., Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 5); Imran v. Bush, No. 05-CV-0764 (CKK) (dkt. no. 6); Attash v. Bush, No. 05-CV-1592 (RCL) (dkt. no. 12).

increasing the risks of inadvertent or other disclosure or compromise of the information. These burdens and risks, however, could be rendered completely unnecessary, depending on the outcome of the appeals. Cf. Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 482 (staying cases so as to avoid expenditure of "substantial resources" and imposition of "significant burdens" that might not be necessary depending on outcome of appeal).

Although certain Judges of this Court have ordered respondents to submit factual returns in cases that are otherwise stayed, respondents oppose the submission of a factual return in the above-captioned case for the reasons stated herein. If the petition is not dismissed for lack of proper next friend standing or because of a previously-filed petition pending on behalf of petitioner Edries, and submission of factual returns were to go forward at all, it could only be done pursuant to a coordinated and reasonable schedule, taking account of the fact that petitioners in all the recently filed cases are seeking factual returns and recognizing the logistical burdens posed by an undertaking to produce returns in the cases. In such circumstances, a schedule for the rolling production of factual returns in this case (and potentially other cases) over the next 10 to 12 weeks would be appropriate. In a number of other recent cases, the government has been given between 90 and 120 days to file factual returns, and respondents request that the Court impose a similar schedule, if the Court determines that this case is properly filed and that a factual return should be provided. See e.g., Al-Joudi, No. 05-CV-0301 (GK) (dkt. no. 26) (imposing 90-day schedule); Al-Wazan, No. 05-CV-0329 (PLF) (dkt. no. 37) (imposing 90-day schedule); Al-Anazi, No. 05-CV-0345 (JDB) (dkt. no. 21) (imposing 120-day schedule); Ameziane, No. 05-CV-392 (ESH) (dkt. no. 12) (imposing 90-day schedule); Qayed,

No. 05-CV-0454 (RMU) (dkt. no. 5) (imposing 90-day schedule); Battayav, No. 05-CV-0714 (RBW) (dkt. no. 12) (imposing 120-day schedule).[3]

\*\*\*

For the reasons stated, petitioners' motion for the immediate issuance of a writ of habeas corpus or order to show cause should be denied.

---

[3] Petitioners' allegation that, "on information and belief," the health and mental condition of petitioners will be placed at risk if their detention continues without court intervention, is based merely on nonspecific newspaper articles, allegations of abuse by *other* detainees, and documents released by the government reporting perceived mistreatment in some isolated instances, which are being investigated so that corrective action can be taken where appropriate. See Pets' Mot. ¶¶ 10-11. None of these sources provides any evidentiary support that the petitioner in the above-captioned case is suffering abuse or mistreatment, particularly considering respondents' sworn testimony that the mission of the detention facility at Guantanamo Bay involves humane detention of the detainees, and consistent with that mission, and with the President's directive to the military to treat detainees humanely, mistreatment or abuse of detainees is not permitted. See Declaration of Col. John A. Hadjis ¶ 2 (Exhibit A to Respondents' Memorandum of Points and Authorities in Opposition to Petitioner's Application for Preliminary Injunction in O.K. v. Bush, No. 04-CV-1136 (JDB) (dkt. no. 115)); see also Memorandum for the Vice President, the Secretary of State, the Secretary of Defense, et al., from President George W. Bush Re: Humane Treatment of al Qaeda and Taliban Detainees ¶ 2 (Feb. 7, 2002) (available at http://www.library.law.pace.edu/research/020207_bushmemo.pdf). Further, Guantanamo has carefully established procedures in place for responding appropriately to any hunger strikes by detainees that include protocols to intervene to take medically appropriate measures to preserve detainees' lives and health. See generally Declaration of Major General Jay W. Hood (Exhibit A to Respondents' Opposition to Petitioners' Motions to Compel Access to Counsel and Information Related to Medical Treatment in Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (dkt. no. 54)). In any event, if this case is not dismissed for the reasons stated, petitioners' unspecified and speculative allegations of abuse and mistreatment do not warrant the production of a factual return in this case, or otherwise counsel against the entry of a stay of proceedings, which the Court presumably would retain discretion to modify should circumstances arise truly warranting a lifting of the stay. See, e.g., Abdullah v. Bush, No. 05-CV-23 (RWR), Order (Mar. 16, 2005) (dkt. no. 16) ("The proceedings in this case are stayed pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances . . . .").

Dated: October 7, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　/s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents